

In The
# Court of Appeals
## Seventh District of Texas at Amarillo

___

No. 07-23-00062-CV

___

BRYONNA K. JACKSON AND ELIJAH M. JOHNSON, APPELLANTS

V.

SPCP PARK SPRINGS OWNER, LLC
D/B/A TWENTYONE15 APARTMENTS, APPELLEE

___

On Appeal from the County Court at Law No. 1
Tarrant County, Texas
Trial Court No. 2022-005471-1, Honorable Don Pierson, Presiding

___

March 15, 2023

## ORDER OF ABATEMENT AND REMAND

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Appellants, Bryonna K. Jackson and Elijah M. Johnson, appeal from the trial court's *Agreed Judgment*.[1]  The appellate record was originally due February 6, 2023. The clerk's record was filed by this deadline, but the reporter's record was not.  By letter of February 15, 2023, we notified the reporter that the record was overdue and directed

___

[1] Originally appealed to the Second Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts.  *See* TEX. GOV'T CODE ANN. § 73.001.

her to advise this Court of the status of the record by February 27. To date, the reporter's record has not been filed and the reporter has had no further communication with this Court.

Accordingly, we abate the appeal and remand the cause to the trial court for further proceedings. *See* TEX. R. APP. P. 35.3(c) ("The trial and appellate courts are jointly responsible for ensuring that the appellate record is timely filed."); 37.3(a)(2) (requiring appellate courts to "make whatever order is appropriate to avoid further delay and to preserve the parties' rights" when the appellate record is not timely filed). On remand, the trial court shall determine the following:

(1)     what tasks remain to complete the filing of the reporter's record;

(2)     why the reporter has not completed the necessary tasks;

(3)     what amount of time is reasonably necessary for the completion of those tasks; and

(4)     whether the reporter can complete the tasks within the time the trial court finds reasonable.

Should the trial court determine that the reporter will require more than thirty days to complete, certify, and file the reporter's record, it shall arrange for a substitute reporter to do so. The trial court is directed to enter such orders necessary to address the aforementioned questions. So too shall it include its findings on those matters in a supplemental clerk's record and cause that record to be filed with this Court by April 17, 2023.

Should the reporter file the record on or before March 29, 2023, she is directed to immediately notify the trial court of the filing, in writing, whereupon the trial court shall not be required to take any further action.

It is so ordered.

Per Curiam